289 So.2d 475 (1974)
Nancy J. GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. T-270.
District Court of Appeal of Florida, First District.
February 12, 1974.
Richard W. Ervin, III, Public Defender and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
Appellant seeks reversal of her conviction for possession of hashish for which she was placed on probation for a period of three years.
The only issue now before this Court is whether the search of appellant's jacket, from which the hashish was discovered, was unreasonable so as to render the trial court's denial of appellant's motion to suppress reversible error.
The facts of this case are not in dispute. Somewhere between 5:00 and 5:30 in the morning, three police officers came upon the appellant staggering in the middle of a major thoroughfare in Tallahassee. Appellant related to them that she had been assaulted by a black male. She appeared to be intoxicated, disoriented and in a disheveled condition. Her clothing was ripped and torn. At this point, the officers took her to the police station for the purpose of continuing the investigation into the alleged assault. At the oplice station, appellant continued to cry and her agitated and nervous behavior seemed to worsen. She made several statements to the effect that she wished she were dead and wanted to kill herself. Several times during the course of the investigation into the alleged *476 assault, appellant was left by herself. She had also gone to the restroom by herself.
During the investigation, one of the officers took appellant's jacket and searched it over her objection. Contraband was discovered and appellant was then placed under arrest. Said officer testified that appellant was incoherent and highly upset at the police station and that, coupled with her "death-wish" statements, there was some suspicion that she may have had weapons in the jacket. He further testified that appellant acted as though she were capable of harming herself. Another officer present at the time testified that appellant was not in control of herself. When asked whether appellant appeared "dangerous to you at all? Were you in fear at all of her?", the officer responded, "I wasn't in fear of her hurting me. I was in fear of her hurting herself." Other officers present testified as to appellant's state of nervousness, despondency and incoherence at the police station.
Upon these facts, appellant contends that the search of her jacket was unreasonable and illegal inasmuch as it was not based upon a warrant or probable cause nor was it a search incident to an arrest. Admittedly, there was no search warrant in this instance nor was there an arrest prior to the search. However, we cannot agree with the appellant that there was no probable cause for the search.
In determining matters concerning the constitutional prohibitions against illegal searches and seizures, we must bear in mind the basic and controlling principle that it is only "unreasonable" searches that are prohibited, not all searches. Whether or not a particular search is reasonable must be determined by the circumstances and facts surrounding that particular search and the manner in which it is conducted. Webster v. State, 201 So.2d 789 (Fla.App. 4th, 1967). Various instances of searches without warrants have been universally recognized as being reasonable, i.e., those incident to a lawful arrest and those where the chance of flight make it impractical to obtain a warrant. However, as noted in Vauss v. United States, 125 U.S.App.D.C. 228, 370 F.2d 250 (1966) "these are merely illustrations of the principle, ... and obviously do not exhaust the situations in which a search without a warrant is reasonable." The fact that a reasonable search happens to yield evidence of a crime even though not so intended is irrelevant.
We think the language of the Webster case, supra, 201 So.2d at 792, is applicable and controlling herein:
"... The preservation of human life is paramount to the right of privacy protected by search and seizure laws and constitutional guarantees; it is an overriding justification for what otherwise may be an illegal entry... . And the criterion is the reasonableness of the belief of the police as to the existence of an emergency, not the existence of an emergency in fact."
While the facts of the Webster case certainly presented stronger justification for emergency action, we feel that the present factual situation rendered the search herein reasonable and therefore lawful.
Here, as discussed above, it is our conclusion that the actions of appellant, as perceived by the police officers, provided probable cause for a search of appellant's jacket. As testified to by the officers present, they were not looking for evidence of a crime or contraband when the search was made. Rather, they searched her jacket for possible harmful instruments or substances which could be utilized by her to effect her wish to be dead or kill herself. The facts of this case provided sufficient cause for the police officers to reach such a level of concern over appellant's safety so as to dictate a search of the jacket. Running throughout the testimony of the officers present at the time is the concern felt by each that appellant had become a danger to herself. Under such circumstances, *477 the reasonable belief that appellant might harm herself justified the search, and the fact that illegal drugs were found does not render the search illegal.
Affirmed.
SPECTOR, Acting C.J., and BOYER, J., concur.