McCORD, Judge.
The sole question presented on this appeal is the legality of the search of an automobile which resulted in the seizure of over five grams of marijuana.
About 2:45 p. m. on the afternoon of the incident, a highway patrolman traveling west on U. S. Highway 27 noticed an automobile traveling at a slow rate of speed with appellant sitting on the hood. The trooper stopped to give assistance to a “possible disabled motorist,” but as he pulled up behind the vehicle after turning around, he observed the vehicle was a “rental car with a 1-E tag” and the hubcaps were missing. He considered missing hubcaps on a rental car to be unusual and testified that such indicated to him that the vehicle was stolen and was being “stripped” and “sold” little by little.
The officer asked appellant who owned the automobile, and he replied that he rented it in Houston, Texas. He then produced a lease agreement. The patrolman asked for identification along with the lease agreement and appellant told him he had lost his wallet. It appears that appellant had previously stopped the car to work on the speedometer cable and his wallet had slipped out of his pocket when he crawled under the car. He then put the wallet on top of the car while he went under the car to “check a noise” in the speedometer cable, and the wallet subsequently fell off. When first observed by the highway patrolman, one of appellant’s passengers was driving and he was riding on the hood looking for the wallet. The circumstance that appellant was working on the speedometer cable aroused the officer’s suspicions, since mileage run has a relation to the rent charged for an automobile. But the officer admitted that this circumstance would tend to negate the vehicle being stolen.
On being told that appellant had lost his wallet, the officer looked through the window into the vehicle and noticed there was a key in the ignition switch but no trunk key on the chain. He questioned appellant about the trunk key and appellant told him he had lost it in Texas.
Two passengers dressed in dirty dungarees and blue denim shirts were with appellant, but appellant was dressed in a coat and tie and was neat looking. This difference in appearance was a suspicious circumstance to the officer, and he asked the two companions where they got in touch with appellant. They explained that they were hitchhiking and appellant picked them up in Mobile, Alabama. The officer then asked them if they had any gear, and they said they did and it was in the trunk of the vehicle. The officer, ¿ealizing that appellant could not have lost the trunk key in Texas and opened the trunk with the key in Mobile, took appellant to the patrol car to run a stolen automobile computer check on the vehicle through his radio. He conducted a pat-down search of appellant and retrieved a key with which he opened the trunk of the automobile to see if there was a spare tire, jack or the hubcaps in it because he believed it was a stolen vehicle. On opening the trunk, he saw the spare tire was intact and his suspicions were relieved. He also observed the hitchhikers’ knapsacks, a suitcase belonging to appellant and “a long box laying in the trunk of the vehicle.” He asked who the box belonged to and appellant advised him “. . .it was in the car when I got the car .” The officer opened the box and found several pounds of marijuana therein. The marijuana was seized and appellant *627 was arrested. During the entire episode, appellant was extremely nervous.
For affirmance of the trial judge’s order denying appellant’s motion to suppress the evidence, appellee relies upon Adams v. Williams, 407 U.S. 143, 92 S.Ct.1921, 32 L.Ed.2d 612; Jetmore v. State, Fla.App. (4th) 275 So.2d 61; Donar v. State, Fla.App. (1st), 236 So.2d 145, and Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. We have examined these cases, and they do not support the search of appellant’s person and the subsequent search of the automobile trunk under the factual circumstances here presented. First, the officer had the right to make a pat-down search of appellant for weapons — but only for weapons. See Section 901.151(5), Florida Statutes. When he felt the key in appellant’s pocket, which later turned out to be the automobile trunk key, he had no authority to require appellant to produce it and to open the trunk with it.
At the time of both searches (the person of appellant and the automobile trunk), the officer had not arrested appellant; and, therefore, the search could not have been incident to a lawful arrest. Also, at that time, the officer did not have probable cause to believe that the vehicle was carrying contraband, nor did he have probable cause to believe that appellant had committed or was committing any other felony beyond a suspicion that the vehicle may have been stolen. From the officer’s testimony, it is clear that his only suspicion prior to opening the trunk was that the vehicle may have been stolen. After opening the trunk and looking over its contents (which constitutes a search), he then had a suspicion that the long box therein might contain contraband. It should be noted that the radio and computer check the officer ran to determine if the vehicle had been stolen was negative and, as far as the record shows, it was not a stolen vehicle.
While we respect the difficulty of the work of our law enforcement officers and the diligence with which they perform their duties for the protection of society, and I abhor the escape (through what some call “legal technicalities”) of persons who are caught “red handed,” we must also have respect for our constitution and laws which are designed to protect us all from invasion of our privacy and unreasonable searches and seizures.
Reversed and remanded.
RAWLS, C. J., concurs, and BOYER, J., dissents.