343 So.2d 1349 (1977)
James Dennis SHEPHERD, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. CC-355.
District Court of Appeal of Florida, First District.
April 1, 1977.
Richard W. Ervin, III, Public Defender and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and A.S. Johnston, Asst. Atty. Gen., for appellee.
MILLS, Judge.
A jury convicted Shepherd of possession of phencyclidine. He was sentenced to five *1350 years imprisonment. The only issue here is whether the trial court erred in denying Shepherd's motion to suppress the phencyclidine.
Shepherd was taken to the emergency room of the Baptist Memorial Hospital with gunshot wounds in the head, a shoulder and a knee. He was in serious condition. A deputy sheriff was dispatched to the hospital to investigate the shooting. The medical staff had not identified Shepherd, therefore, the deputy requested a nurse to remove his billfold from his pants and hand it to him. This was done and while searching the billfold for Shepherd's driver's license, the deputy first looked in the currency section where he found a plastic bag containing what he thought might contain a little marijuana, although he could not see the contents. He was not concerned with this and stuffed the bag back in the billfold because he was seeking identification. He continued to search for a driver's license which he found. He then identified Shepherd and talked to him at length regarding the shooting incident. After the conversation with Shepherd, the deputy again examined the billfold and removed the bag. He examined the bag and thought it contained heroin. He notified the vice squad and told the hospital authorities to place a hold on Shepherd. The contents of the bag were later identified as phencyclidine.
The State argues that where an officer observes contraband while performing his lawful duties, he may seize the contraband and it is admissible in evidence. Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974). The State also argues that if an officer has reasonable belief that an emergency exists, an otherwise illegal search is justified. Gilbert v. State, 289 So.2d 475 (Fla. 1st DCA 1974). We agree with the statements of law but do not agree that they apply to the facts of this case.
The burden rests on the State to demonstrate that a warrantless search of a person's personal effects fall within a clear exception to the warrant requirement. Bicking v. State, 293 So.2d 385 (Fla. 1st DCA 1974). A warrantless search must be based on probable cause and on sufficient exigent circumstances to excuse the failure to obtain a warrant.
When the officer searched the plastic bag in Shepherd's billfold, he did so because of his suspicion that it might contain marijuana. The fact that Shepherd had a small plastic bag in his billfold did not constitute probable cause for a warrantless search of his personal effects. The officer was acting upon bare suspicion alone. This was an exploratory search prior to the time the officer had probable cause. A similar search of an automobile trunk, based upon suspicion but nothing more, was declared to be an unlawful exploratory search by us in Cotellis v. State, 297 So.2d 625 (Fla. 1st DCA 1974).
After finding Shepherd's driver's license and determining his identity, the officer then explored the contents of his billfold solely for the purpose of obtaining evidence of a crime. Even if the officer had probable cause to believe evidence of a crime was contained in the billfold, there were no exigent circumstances to excuse the officer from applying for a search warrant.
The only reason the officer thought he might find marijuana in the billfold was the fact that he had noticed a small plastic bag folded up in the currency section of Shepherd's billfold. Even if that was sufficient to justify the issuance of a warrant to search the billfold, nothing excused the officer from the requirement of waiting to conduct the search until a warrant issued.
In State of Maine v. Richards, 296 A.2d 129 (Me. 1972), an officer at the scene of an accident searched an inoperable vehicle for identification of the two persons who were injured in the accident. After finding a jacket bearing a name, the officer explored the left pocket where a plastic bag containing illegal capsules was found. A motion to suppress was denied, but on appeal, the Maine Supreme Court reversed because it had not been shown that the search of the pocket was solely and exclusively for the purpose of finding identification. The court questioned whether the officers were engaging *1351 in an exploratory search for the purpose of seeking evidence of criminal conduct. Under these facts, which are similar to those in the case before us, the court concluded that the intrusion by the police into the jacket pocket was without probable cause.
Assuming in the case before us that the officer was acting reasonably in searching Shepherd's billfold for the purpose of determining his identity, there is no question that after the identification was found, and after the officer determined that Shepherd was the person pictured on the driver's license, the second search of the billfold was for the sole purpose of obtaining evidence of criminal activity of which the officer had only bare suspicion. Thus, assuming that the good intentions of the officer justified the first search of Shepherd's billfold for the purpose of obtaining identification, the second search was clearly for the purpose of obtaining evidence upon which to base a criminal charge. The officer was merely guessing that the search would yield such a result. The search of the billfold was not incident to arrest because the officer had not yet placed Shepherd under arrest.
Clearly there is no emergency here. The preservation of human life is not involved, merely identification. Gilbert, supra.
The second search of Shepherd's billfold was unreasonable because (1) the officer had no probable cause, (2) there was no prior determination of probable cause by a neutral and detached magistrate, and (3) there were no exigent circumstances to excuse the warrant requirement.
The second search of Shepherd's billfold was illegal under Article I, Section 12 of the Florida Constitution and the Fourth Amendment to the Federal Constitution. An individual's personal effects are as fully protected from unreasonable searches when the individual is not suspected of criminal behavior as when the individual is suspected of criminal behavior. Camara v. Municipal Court of the City and County of San Francisco, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).
The trial court erred in denying Shepherd's motion to suppress and we must reverse the judgment and sentence as to Count I of the Information.
McCORD, J., concurs, and BOYER, C.J., concurs specially.
BOYER, Chief Judge, concurs specially.
I concur in the result reached. In the fifth paragraph of the foregoing opinion, referring to the second visit by the officer to appellant's billfold, it is stated "This was an exploratory search prior to the time the officer had probable cause." Again, in the third paragraph from the end is found the statement "The second search of Shepherd's billfold was unreasonable because (1) the officer had no probable cause, * * *". I do not agree with those statements. In my view, the initial examination of appellant's billfold was not an unreasonable search but was a proper means of determining appellant's identity. Had the officer been able to clearly see what was in the baggie contained in the billfold, the "plain view rule" would have applied. However, the officer frankly conceded that, although he knew that something was in the baggie, he could not plainly see what it was. Once the officer learned, after talking with appellant, that appellant had been shot during an illfated drug deal, the officer had a sufficient basis for probable cause. The issue of probable cause is rendered moot, however, because the officer did not attempt to secure a search warrant. In the absence of exigent circumstances, the second warrantless search of appellant's wallet was unjustified.
Therefore, although I would not go so far as the opinion in State of Maine v. Richards, supra, I nevertheless concur in the result reached by the majority, based upon the above-described factual situation.