364 So.2d 93 (1978)
Linda Louise EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-454.
District Court of Appeal of Florida, Third District.
November 14, 1978.
Michael H. Blacker, North Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and James H. Greason, Asst. Atty. Gen., for appellee.
Before PEARSON and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant was charged by information with two counts of possession of a controlled substance, cocaine. Her tendered plea of nolo contendere to one count, with reservation of right of appeal from an order denying her motion to suppress, was accepted. No sentence was imposed. She was placed on probation for one year. The other count was nolle prossed.
Appellant argues that denial of her motion to suppress as evidence the cocaine found in her possession was error, contending the search upon which it was obtained was illegal.
A highway patrolman saw the appellant pull her car off the road and stop. He approached the vehicle, but was unable to gain her attention, although he observed that her eyes were open. The officer gained entry into the car. With the woman being unable to communicate, he examined her pocketbook to inspect her driver's license. Two other officers arrived. A Rescue Unit was summoned. A search was made for any identifying device which *94 would delineate a medical disability that could account for her condition [under Section 901.215, Florida Statutes (1977)], and in doing so, there was revealed the substance for possession of which she was charged and prosecuted.
We reject as unsound the appellant's contention that such search was illegal. The search was not unreasonable in the exigent circumstances. Webster v. State, 201 So.2d 789 (Fla. 4th DCA 1967); Gilbert v. State, 289 So.2d 475 (Fla. 1st DCA 1974); United States v. Barone, 330 F.2d 543 (2d Cir.1964). The denial of the defendant's motion to suppress was not error.
The judgment is affirmed.