DANAHY, Acting Chief Judge.
The defendant was charged with possession of cocaine and moved to suppress the cocaine as evidence against him. Upon denial of the motion, he pled nolo contendere reserving the right to review by this court of the suppression issue. We reverse.
The defendant was injured, apparently in a fight, and brought to Manatee Memorial Hospital Trauma Unit for treatment. He was unconscious when he arrived and remained unconscious throughout all of the events which led to the seizure of cocaine from his clothing.
Nurse Seidenberg was caring for the defendant in the Trauma Unit when a friend of the defendant asked for possession of the defendant’s wallet. The friend was given the wallet and signed for it.
Later Nurse Seidenberg received a mes-' sage, ostensibly from the same friend, advising that the defendant should have a large amount of cash on his person and that cash was not in the wallet. The message asked that the nurse check through the pockets of the defendant’s clothing to see if there was any more money. Nurse Seiden-berg then searched the defendant’s jacket and found a plastic bag containing white powder, which she left undisturbed in the jacket pocket. Thinking that the white powder could be heroin or some other controlled substance, the nurse conferred with the charge nurse and a doctor about her discovery. A call was placed to the Manatee County Sheriff’s office. Deputy Sheriff Riley, who happened to be in the hospital at the time, responded. The testimony of Nurse Seidenberg and Deputy Riley differed as to what transpired at this point. Nurse Seidenberg testified that she told Deputy Riley she had found a bag containing a white substance in the defendant’s jacket pocket. Detective Riley testified without qualification that the nurse told him no such thing.
In any event, Deputy Riley searched the pockets of the defendant’s jacket and found a white bag containing a substance which later proved to be cocaine. The defendant was arrested on the basis of that evidence and charged with possession. We reverse because the evidence did not establish probable cause for the search by Deputy Riley.
We observe, first, that a search conducted without a search warrant and without com sent is per se unreasonable under the *5 Fourth Amendment to the United States Constitution, subject only to a limited number of well-defined exceptions. Ulesky v. State, 379 So.2d 121 (Fla. 5th DCA 1979). The burden is upon the state to establish the existence of one of these exceptions. State v. Cantrell, 426 So.2d 1035 (Fla. 2d DCA 1983) (Danahy, J., dissenting); Raffield v. State, 333 So.2d 534 (Fla. 1st DCA 1976). The only exception applicable here is the exception based on probable cause plus exigent circumstances.
In the face of Deputy Riley’s clear testimony that Nurse Seidenberg did not tell him about the bag containing a white substance, prior to Deputy Riley’s search of the defendant’s jacket pockets, we have no choice but to rule that there was no probable cause for Deputy Riley’s search of the jacket. In all fairness to the trial judge, we observe that defense counsel did not bring this aspect of Deputy Riley’s testimony to his attention. As a matter of fact, it was affirmatively represented to the trial judge that Nurse Seidenberg did convey to Deputy Riley the information concerning her discovery of the plastic bag containing a white substance. The argument before the trial judge dealt solely with the question whether there were exigent circumstances justifying the search, not whether there was probable cause.
The state failed to meet its burden of establishing an exception justifying the warrantless search of the defendant’s jacket. Therefore, we reverse. Accord, Shepherd v. State, 343 So.2d 1349 (Fla. 1st DCA 1977).
SCHOONOVER and LEHAN, JJ., concur.