853 P.2d 168

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Larry BLAKELY, Defendant–Appellant.**

**No. 13616.**

Court of Appeals of New Mexico.

April 9, 1993.

Certiorari Denied May 25, 1993.

467

Tom Udall, Atty. Gen., Joel Jacobsen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Hilary Lamberton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

BLACK, Judge.

Defendant appeals from the judgment and sentence on one count of possession of cocaine and the enhancement of his sentence as a habitual offender. On appeal, he argues that: 1) the trial court erred in denying his motion to suppress; 2) the trial court erred in denying his motion for mistrial based on prosecutorial misconduct, and in refusing to give a curative jury instruction that he tendered; and 3) the trial court erred in denying his motion to set aside the verdict based on alleged juror misconduct. Other issues raised in the docketing statement but not briefed on appeal are deemed abandoned. *State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct.App.), *cert. denied,* 102 N.M. 734, 700 P.2d 197 (1985). We affirm. Only the first issue raised by

Defendant merits publication, so only that part of the opinion discussing the motion to suppress will be published.

FACTS

During the early morning hours of February 16, 1990, Defendant telephoned "911" in Hobbs and told the operator that he wanted to commit suicide. The operator stayed on the line with Defendant while Jack Thomas of the Hobbs Police Department and two other officers drove to Defendant's residence. Officer Thomas found the door ajar and went into Defendant's residence. Thomas found Defendant with bloodshot eyes, smelling of alcohol, and seemingly intoxicated. Defendant said he had "shot up some dope," that he wished he were dead, and that he wanted to kill himself.

Pursuant to Hobbs Police Department procedure, Officer Thomas took Defendant into protective custody. He told Defendant he was being taken into custody for his own safety for purposes of a mental health evaluation and the safety of others. Officer Thomas walked Defendant out to the squad car. At the patrol car, Thomas handcuffed Defendant. Officer Thomas asked Defendant if he had any weapons and patted him down to make sure he had no weapons. Defendant said he had a pocket knife, which Officer Thomas took from him. Defendant also said he had a syringe and further volunteered that he also had dope in his pocket. Officer Thomas searched for and found a small amount of cocaine inside a plastic bag in Defendant's pocket.

Officer Thomas then drove Defendant to the police station. A staff member from the Hobbs Guidance Center was called to the station to evaluate Defendant. The staff member determined that Defendant did not need to be committed or otherwise held for treatment. Defendant was booked for possession of cocaine and placed in a holding cell, whereupon he attempted to commit suicide by hanging himself with his belt. Defendant was transported by ambulance to the Lea Regional Hospital.

Defendant was convicted of cocaine possession and found to be a habitual offender. This appeal followed.

DEFENDANT'S MOTION TO SUPPRESS WAS PROPERLY DENIED.

■ On appeal from a trial court's denial of a motion to suppress, the facts are viewed in the manner most favorable to the state and "all reasonable inferences in support of the court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded." *State v. Boeglin*, 100 N.M. 127, 132, 666 P.2d 1274, 1279 (Ct.App.1983).

■ Defendant argues that the initial patdown was unlawful. He contends that *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and *State v. Cobbs*, 103 N.M. 623, 711 P.2d 900 (Ct.App.1985), stand for the proposition that an officer cannot conduct a patdown unless he has a reasonable suspicion that the suspect is armed or dangerous. Defendant argues that the officer had no reason to think that he had weapons, and that it was unreasonable to pat him down because he was already handcuffed. We disagree.

■ All *Terry*, 392 U.S. at 21, 88 S.Ct. at 1879, and *Cobbs*, 103 N.M. at 627, 711 P.2d at 904, require is a determination that such a patdown is "reasonable" based on a balancing of the public interest against the individual's right to be free from arbitrary interference by law officers. Officer Thomas testified that Defendant smelled of alcohol, appeared intoxicated, and was threatening suicide. We believe Officer Thomas could have reasonably concluded his safety justified a patdown search of a person being taken into protective custody. *See Commonwealth v. Tomeo*, 400 Mass. 23, 507 N.E.2d 725 (1987). This conclusion is further supported by the testimony of Officer Thomas that he had dealt with "possible mental people" before and had been injured by them. *See Gilbert v. State*, 289 So.2d 475 (Fla.Dist.Ct.App.) (search of jacket of incoherent person who was threatening suicide justified to prevent potential harm to defendant herself), *cert. denied*, 294 So.2d 660 (Fla.1974).

More importantly, Officer Thomas had express statutory authorization to conduct this patdown. Police officers or public service officers are expressly authorized by statute, NMSA 1978, § 43-2-19 (Repl.Pamp.1989), to make a protective search of an intoxicated person who is taken into protective custody, prior to transporting him to a residence, health care facility, or jail.

Defendant next argues even if the patdown was valid, Officer Thomas exceeded the proper scope of a patdown. We have difficulty understanding the factual basis of this claim and since it was not presented to the trial court, we do not consider it. *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 745 P.2d 717 (Ct.App.1987).

■ During his patdown, Defendant volunteered that his jacket pocket contained a syringe and "dope." Defendant contends that because of his consumption of drugs and alcohol he was incompetent and unable to provide consent to the search of his pockets. The test for competence to make a statement is well settled. In order for a defendant to make a valid statement, the defendant must have had sufficient mental capacity at the time he made the statement to be conscious of the physical acts performed by him, to retain them in his memory, and to state them with reasonable accuracy. *State v. Sisneros*, 79 N.M. 600, 446 P.2d 875 (1968); *State v. Chavez*, 88 N.M. 451, 541 P.2d 631 (Ct.App.1975). There is a presumption of competence, and the burden is on the defendant to show some evidence to the contrary. *State v. Lujan*, 87 N.M. 400, 534 P.2d 1112, *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 400 (1975).

■ Defendant relies on Officer Thomas's testimony that Defendant was intoxicated, had been drinking and shooting dope all day, had been threatening to commit suicide, and was "less than coherent." However, as the State points out, Defendant correctly informed the police officer that he had dope in his pocket. This indicates that he was conscious of the act of putting the dope in his pocket, remembered it, and stated it with reasonable accuracy. *See State v. Melton*, 239 Neb. 790, 478 N.W.2d 341, 347 (1992).

■ Defendant further argues the statement was not voluntary but a product of coercion. We do not find evidence this argument was advanced by Defendant below. Even if Defendant did rely on this theory in the district court, however, we believe it is misguided. It was Defendant, not the police, who initiated the encounter. *See State v. Vincik*, 436 N.W.2d 350, 353 (Iowa 1989). The fact that Defendant was being taken into custody does not preclude a valid consent to a search. *State v. Sedillo*, 81 N.M. 47, 462 P.2d 632 (Ct.App.), *cert. denied*, 81 N.M. 40, 462 P.2d 625 (1969); L.A. Bradshaw, Annotation, *Validity of Consent To Search Given by One in Custody of Officers*, 9 A.L.R.3d 858, § 5[a] (1966). It is "coercive police activity" that is a necessary predicate to finding that a statement was not voluntary. *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986). "Only if we were to establish a brand new constitutional right—the right of a criminal defendant to confess to his crime only when totally rational and properly motivated—could respondent's present claim be sustained." *Id.* at 166, 107 S.Ct. at 521.

■ Once Defendant voluntarily made the statement that there was "dope" in his pocket, Officer Thomas had probable cause to believe that a crime was being committed, specifically possession of a controlled substance. *See* NMSA 1978, § 30-31-23 (Repl.Pamp.1989). This would, of course, provide a proper legal foundation for both a full search and the actual arrest of Defendant. *See State v. Jones*, 96 N.M. 14, 15, 627 P.2d 409, 410 (1981) (warrantless arrest is valid where the officer has probable cause to believe that a crime has been committed by the person whom he arrests).

Defendant's "911" call was a plea for help. When the police responded, Defen-

dant volunteered that he had been shooting dope all day and wanted to kill himself. As Officer Thomas was patting down Defendant for transport under protective custody, Defendant volunteered that his pockets contained a pocket knife, a syringe, and "dope." Defendant's motion to suppress was properly denied.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

DONNELLY and ALARID, JJ., concur.