666 So.2d 174 (1995)
RAYMOND JAMES & ASSOCIATES, INC., Appellant,
v.
PK VENTURES, INC., and Robert L. Rose, Thomas F. Kane, Louis Krutoy, Robert F. Grimmig, Joseph F. Mannello, Joel A. Marshall, Thomas F. Kane, Jr., G. Clifford McCarthy, and Francis J. Cerosky, Appellees.
No. 94-03885.
District Court of Appeal of Florida, Second District.
December 6, 1995.
Guy M. Burns, Bruce W. Barnes, and Rebecca Henson Alford of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for Appellant.
David G. Hanlon and Richard M. Zabak of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Appellees.
DANAHY, Judge.
In our recent opinion in Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995), we held that a buyer of residential property is prevented by the "economic loss rule" from recovering damages for fraud in the inducement against the real estate agent and its individual agent representing the sellers. In accordance with that holding, we affirmed but certified the question.
In this case we have the same situation and our holding is consistent with Woodson. The only difference between Woodson and the case before us is that Woodson involved the sale of residential property and this case involves the sale of commercial property. We consider this difference to be of no significance.
In this case the owner of a limerock mine hired Raymond James to act as a business broker/investment banker to pursue the possible sale of the mine. Raymond James prepared *175 a descriptive marketing brochure, which the parties called the "Memorandum."
The appellees bought the mine and thereafter became disappointed with their investment. The owner of the mine having filed in bankruptcy, the appellees brought this suit against Raymond James for fraud, alleging that the Raymond James Memorandum contained fraudulent and/or negligent misrepresentations. A jury returned a verdict in favor of Raymond James on the fraud claim, but awarded the appellees the sum of one million dollars on their negligent misrepresentation claim.
As stated above, we consider this case governed by our recent holding in Woodson. We reverse and certify to the supreme court as a question of great public importance the same question certified in Woodson. In view of our disposition on this point, we specifically do not address other issues raised by Raymond James.
Reversed. Question certified.
RYDER, A.C.J., and FULMER, J., concur.