690 So.2d 1296 (1997)
PK VENTURES, INC., et al., Petitioners,
v.
RAYMOND JAMES & ASSOCIATES, INC., Respondent.
No. 87404.
Supreme Court of Florida.
April 3, 1997.
David G. Hanlon, Richard M. Zabak and Rebecca H. Steele of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Petitioners.
Guy M. Burns and Bruce W. Barnes of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for Respondent.
Roy D. Wasson, Miami, Florida; and Sheila Wolfson Moylan, Miami, for the Academy of Florida Trial Lawyers, Amicus Curiae.
PER CURIAM.
This is a petition to review Raymond James & Associates v. PK Ventures, Inc., 666 So.2d 174 (Fla. 2d DCA 1995), wherein the district court certified to the Supreme Court as a question of great public importance the same question certified in Woodson v. Martin, 663 So.2d 1327 (Fla. 2d DCA 1995).[1] Although the district court observed that Woodson involved the sale of residential property and this case involves the sale of commercial property, the court found the difference to be insignificant. PK Ventures, 666 So.2d at 175. We agree and rephrase the question from Woodson:

*1297 IS THE BUYER OF COMMERCIAL PROPERTY (PETITIONERS) PREVENTED BY THE "ECONOMIC LOSS RULE" FROM RECOVERING DAMAGES FOR NEGLIGENT MISREPRESENTATION AGAINST THE SELLER'S BROKER (RESPONDENT)?
We have jurisdiction.[2] Art. V, § 3(b)(4), Fla. Const.
Our decision in Woodson v. Martin, 685 So.2d 1240 (Fla.1996), controls.[3] We answer the certified question in the negative, quash the decision below, and remand for proceedings consistent with Woodson.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Is the buyer of residential property (the appellant) prevented by the "economic loss rule" from recovering damages for fraud in the inducement against the real estate agent and its individual agent (the appellees) representing the sellers?

In Woodson v. Martin, 685 So.2d 1240 (Fla. 1996), we answered the certified question in the negative and quashed the district court decision.
[2] Once a court obtains jurisdiction, it has the discretion to consider any issue affecting the case. Cantor v. Davis, 489 So.2d 18, 20 (Fla. 1986); State v. Hutchins, 636 So.2d 552, 553 (Fla. 2d DCA 1994). Here, both the Second District and this Court obtained jurisdiction and thus discretion to consider the economic loss rule issue, even though it was not raised before the trial court.
[3] Our decision in Woodson was controlled by HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996), wherein we held that fraud in the inducement is an independent tort not barred by the economic loss rule.