1997-NMCA-071

943 P.2d 1048

**In the Matter of PAUL T., a Child.**

No. 17296.

Court of Appeals of New Mexico.

June 16, 1997.

Certiorari Granted Aug. 6, 1997.

Tom Udall, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, for Appellee.

T. Glenn Ellington, Chief Public Defender, Lisabeth Occhialino, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

DONNELLY, Judge.

1. The Child appeals his conviction in children's court as a delinquent child. Three issues are raised on appeal: (1) whether the Child's violation of a municipal curfew ordinance, and the circumstances attendant to his being taken into custody, constituted a valid basis justifying a warrantless search of his person; (2) whether the Child's consent for the officer to search his pockets was voluntary; and (3) whether the pat-down search of the Child was pretextual. For the reasons discussed herein, we affirm.

## FACTS

2. Shortly after midnight on September 9, 1995, a Saturday, John Serna, an Alamogordo, New Mexico, police officer stopped an automobile operating with only one headlight. The Child, aged fifteen, was a passenger in the back seat of the car. The officer recognized the Child from a prior incident and knew that he was under sixteen years of age. The City of Alamogordo had enacted a curfew ordinance making it unlawful for a child under the age of sixteen to be in any public place within the municipality without adequate supervision on weekends from 12:00 midnight to 6:00 a.m., and on weekdays from 11:00 p.m. to 6:00 a.m. Under the ordinance, if a child is not accompanied by a parent or a responsible adult, the officer is required to take the child into custody and notify the child's parent or guardian.

3. The officer requested that the Child get out of the car he was riding in, and the Child obeyed. The officer told the Child he was going to give him a ride home. At the time the Child was taken into custody he was fifteen years old and was not accompanied by a parent or guardian.

4. Prior to placing the Child in the police car, as a safety precaution, the officer conducted a pat-down search of the Child for weapons. During the pat-down search, the officer detected some small, hard objects in the Child's pockets. The officer asked for and received the Child's permission to empty his pockets. The subsequent search revealed a sandwich-sized plastic bag containing a small amount of marijuana, coins wrapped in tissue paper, and a package of cigarette rolling papers. Following this discovery, the Child was taken to the police station and was later released to his sister's custody.

5. A petition alleging that the Child was delinquent was filed on October 10, 1995. The petition also alleged the Child was in possession of drug paraphernalia, contrary to NMSA 1978, Section 30–31–25.1(A) (Repl. Pamp.1989), and possessed one ounce or less of marijuana, contrary to NMSA 1978, Section 30–31–23 (Cum.Supp.1996). The Child filed a motion to suppress the evidence seized during the search of his person, alleging that the pat-down search conducted by the officer was unlawful. Following an evidentiary hearing, the children's court denied the Child's motion to suppress.

6. Thereafter, on February 22, 1996, the Child entered a no contest plea to each of the two charges in the petition and reserved the right to appeal the denial of the motion to suppress.

## DISCUSSION

7. The Child, observing that the factual situation presented herein constitutes an issue of first impression in New Mexico, ar-

gues that the search conducted by the officer cannot be justified as a search incident to an arrest because a curfew violation does not constitute a delinquent act or an offense for which he was subject to arrest. The Child also asserts that the search conducted here fails to satisfy the criteria of an investigatory frisk for weapons permitted under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) or the protections imposed by Article II, Section 10 of the New Mexico Constitution.

8. The Child correctly observes that where an individual has not been placed under arrest, a warrantless search is per se unreasonable unless the State can demonstrate that the search falls within a recognized exception to the search warrant requirement mandated by either the Fourth Amendment to the United States Constitution or Article II, Section 10 of the New Mexico Constitution. *State v. Diaz,* 122 N.M. 384, 386, 925 P.2d 4, 6 (Ct.App.1996). Under the record before us, however, we conclude that the children's court correctly determined that the search conducted herein was reasonable because it did not exceed Fourth Amendment limitations articulated in *Terry* or the protections set forth in Article II, Section 10 of the New Mexico Constitution. On appeal, we review a court's ruling on a motion to suppress as a mixed question of law and fact in order to determine whether the law was correctly applied to the facts, viewing the facts as determined by the court in the light most favorable to the ruling below. *State v. Reynolds,* 119 N.M. 383, 384, 890 P.2d 1315, 1316 (1995); *State v. Flores,* 122 N.M. 84, 87, 920 P.2d 1038, 1041 (Ct.App. 1996).

9. *Terry* involved the investigatory stop of three men who, according to the officer's testimony, appeared to be preparing to rob a store. 392 U.S. at 5–8, 88 S.Ct. at 1871–73. The officer stopped the men, identified himself as a police officer, and requested that they identify themselves. *Id.* at 6–7, 88 S.Ct. at 1872. He then patted down the outside of their clothing and found revolvers on two of the men. The men were subsequently charged with carrying concealed weapons. *Id.* at 7, 88 S.Ct. at 1872. The Court upheld the search, finding that the officer had reasonable grounds to believe that the men were "armed and dangerous, and it was necessary for the protection of himself and others to take swift measures to discover the true facts and neutralize the threat of harm if it materialized." *Id.* at 30, 88 S.Ct. at 1884. A *Terry* search conducted under such circumstances constitutes a narrowly-drawn exception to the warrant requirement in order to permit a protective search for weapons. *Id.* at 27, 29, 88 S.Ct. at 1883, 1884.

10. Both this Court and courts in other jurisdictions have upheld pat-down, protective searches as reasonable in other situations wherein it was necessary to transport persons taken into protective custody in a police vehicle. *Cf. State v. Blakely,* 115 N.M. 466, 468, 853 P.2d 168, 170 (Ct.App.1993) (finding pat-down search reasonable where law enforcement officer conducted search before transporting intoxicated person); *State v. Smith,* 112 Ariz. 531, 533–34, 544 P.2d 213, 215–16 (1975) (en banc) (upholding pat-down search of intoxicated individual taken into protective custody as reasonable to assure officer's safety while transporting him home); *In re Terrence G.,* 109 A.D.2d 440, 492 N.Y.S.2d 365, 370 (1985) (upholding pat-down search of juvenile runaway); *State v. Evans,* 67 Ohio St.3d 405, 618 N.E.2d 162, 167 (1993) (recognizing validity of brief pat-down search for weapons when officer has lawful reason to detain driver in officer's patrol car).

11. The Child contends that routinely conducting a pat-down search before placing an individual in a police vehicle is unlawful and that the right to "automatically patdown attaches only when a stop involves a crime for which an offender would likely be armed." Relying on *Terry, State v. Cobbs,* 103 N.M. 623, 711 P.2d 900 (Ct.App.1985), and other cases involving protective searches, the Child also argues that the search conducted here exceeded its permissible scope because a prerequisite for conducting the pat-down search in question required that the officer show that he had a reasonable, articulable belief that the child was armed and dangerous.

12. The central inquiry under the Fourth Amendment of the United States

Constitution is whether the search was reasonable considering all of the circumstances in question. *Terry,* 392 U.S. at 19, 88 S.Ct. at 1878–79. The test for determining reasonableness involves balancing the need for the search against the invasion of an individual's personal security. *Id.* at 21, 88 S.Ct. at 1879–80. "[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* In assessing whether such intrusion was reasonable, the court applies an objective standard: "would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *Id.* at 21–22, 88 S.Ct. at 1880.

■ 13. The children's court properly determined that the pat-down search conducted by the officer met the requirements of *Terry* and *Blakely.* "All *Terry* and *Cobbs* require is a determination that such patdown is 'reasonable' based on a balancing of the public interest against the individual's right to be free from arbitrary interference by law officers." *Blakely,* 115 N.M. at 468, 853 P.2d at 170 (citations omitted).

14. The curfew ordinance makes it "the duty of peace officers to apprehend and take into custody any minor found in violation of this [curfew] section" until the minor can be properly released to the custody of a parent or guardian. Alamogordo, N.M., Code of Ordinances § 11–030–040(c), (e); *cf. State v. Johnson,* 122 N.M. 713, 718, 930 P.2d 1165, 1170 (Ct.App.) (recognizing right of police officer to make a protective search before transporting intoxicated person to his residence where individual may become disorderly and unable to care for his own safety), *cert. denied,* 122 N.M. 578, 929 P.2d 269 (1996).

15. Under such circumstances, the real issue, then, is not whether the violation of the juvenile curfew ordinance was sufficient to authorize a pat-down search for weapons, but whether a pat-down search is warranted when an officer has the duty to apprehend a child and the circumstances require that the minor be transported in a police vehicle to another location in order to be turned over to a responsible adult. At the hearing on the motion to suppress, Officer Serna testified that he had a fear for his own safety whenever he placed anyone who was not secured in the back of his police vehicle. For this reason he conducted a pat-down search for weapons. The facts contained in the record support the officer's protective search. As observed in *Terry,* 392 U.S. at 24, 88 S.Ct. at 1881: "[W]e cannot blind ourselves to the need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest."

16. In this case, the officer took the Child into custody in preparation for taking the Child home in the back seat of the officer's police vehicle. Under these circumstances, the children's court could properly determine that the pat-down search of the Child's outer clothing was reasonable and was the least intrusive measure to ensure the officer's safety. *See Blakely,* 115 N.M. at 468, 853 P.2d at 170. As observed in *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883: "[I]n determining whether the officer acted reasonably in such circumstances, due weight must be given ... to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience."

■ 17. Alternatively, the Child argues that even if the pat-down search is found by this Court to have been reasonable, nevertheless, the search of the Child's pockets should be found to be unjustified because it exceeded the scope of the permissible search for weapons. We disagree. A protective search, in the absence of a lawful arrest, cannot extend beyond what is reasonably necessary to determine if the person may be armed or possess a dangerous weapon. *See Minnesota v. Dickerson,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). Here, the officer testified that he felt objects in the Child's pocket. Although he could not identify them by touch, he was nonetheless concerned that almost anything in the Child's pocket that was hard could be used as a weapon. He therefore asked to see the object in question. We cannot say the scope of

this pat-down search was unreasonable in light of the circumstances, including the fact that the officer would be placing the Child in the rear seat of his police vehicle with the officer's back to him. *See Terry*, 392 U.S. at 29, 88 S.Ct. at 1884 (A protective search must "be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer.").

18. The Child argues that the officer's rationale was pretextual and self-serving and should be discredited because it would justify almost any search of the pockets under almost any circumstance. We disagree. We focus narrowly on the testimony of the officer, the surrounding circumstances, and the permissible inferences that the fact finder could draw. On appeal, absent a clear showing of error, we will not second-guess the children's court's determination regarding the credibility or weight to be accorded the testimony of a witness. *State v. Hubbard*, 113 N.M. 538, 540, 828 P.2d 971, 973 (Ct.App.1992).

*CONCLUSION*

19. The order denying the motion to suppress, and the judgment and disposition entered by the children's court, are affirmed.

20. **IT IS SO ORDERED.**

BOSSON and ARMIJO, JJ., concur.