729 So.2d 1012 (1999)
Ruthe L. CLAYTON, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and State Farm Fire and Casualty Company, Appellees.
No. 98-735.
District Court of Appeal of Florida, Third District.
April 14, 1999.
*1013 D. Michael Campbell and Gregory L. Denes, Miami, for appellant.
Morgan, Lewis & Bockius and Nancy A. Copperthwaite and Marcy Levine Aldrich, Miami; Schiff Hardin & Waite and Marci A. Eisenstein and Helen T. Wilson, Chicago, IL, for appellees.
Before SCHWARTZ, C.J., and FLETCHER and SHEVIN, JJ.
FLETCHER, Judge.
Ruthe L. Clayton [Clayton], plaintiff in the trial court, appeals the dismissal of her claims for fraud in the inducement and breach of fiduciary duty against State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company [State Farm]. We affirm.
Clayton's lawsuit challenges State Farm's practice of specifying the use of replacement parts manufactured by sources other than the original vehicle manufacturer in the repair of insured vehicles damaged in automobile accidents. Her six-count complaint, which included inter alia counts for breach of contract, fraud in the inducement and breach of fiduciary duty, alleges that she was induced into purchasing a State Farm policy by pre-contract representations made by State Farm to its insureds that their vehicles would be repaired with parts of "like kind and quality" to those that were damaged, thereby restoring their automobiles to their condition prior to the damage. Clayton claims that notwithstanding these representations State Farm never intended to use original equipment manufacturer (OEM) parts in the repair of insured vehicles, but instead intended to defraud the insureds by requiring the use of inferior quality non-OEM parts. She further contends that State Farm's agents breached a fiduciary duty owed to the insureds by their failure to advise them of State Farm's intentional misrepresentations regarding the use of inferior replacement parts. The trial court granted State Farm's motion to dismiss the counts for fraud in the inducement and breach of fiduciary duty on the ground that they were barred by the economic loss rule.
The economic loss rule bars causes of actions in tort between parties to a contract unless there is proof of personal injury or property damage independent of a breach of the contract. See Casa Clara Condominium Ass'n v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla.1993); AFM Corp. v. *1014 Southern Bell Tel. & Tel. Co., 515 So.2d 180 (Fla.1987); Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899 (Fla.1987). Clayton is correct that an exception has been made for causes of actions based on torts which are independent of the contractual breach, such as fraudulent inducement. However, where the alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement, the economic loss rule still applies. See Straub Capital Corp. v. L. Frank Chopin, P.A., 724 So.2d 577 (Fla. 4th DCA 1998); Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74 (Fla. 3d DCA), rev. denied, 700 So.2d 685 (Fla.1997). Clayton's allegations of pre-contract misrepresentation here are directly related to the alleged breach (State Farm's failure to use parts of "like kind and quality" as required by the contract), and, therefore, do not support an independent tort action.
Affirmed.