784 So.2d 456 (2000)
C. Robert ALLEN, III, Charles R. Allen, IV, and Grace Allen, Appellants,
v.
The STEPHAN CO., Scientific Research Products, Inc. of Delaware, John Allen, Frederick R. Phelan, Sam A. Lazar, Henry Miltenberg, and Sobel, Hunter, Glackman & Sobel, P.A., Appellees.
No. 4D99-1061.
District Court of Appeal of Florida, Fourth District.
November 8, 2000.
Martin B. Woods of Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Fort Lauderdale, for appellants.
Curtis Carlson of Payton & Carlson, P.A., Miami, for Appellee-The Stephan Company.
BAILEY, JENNIFER D., Associate Judge.
Appellants, C. Robert Allen, III, Grace Allen, and Charles R. Allen, IV ("the Allens") appeal after an adverse jury verdict in connection with common law fraud in the sale of their business, Scientific Research *457 Products, Inc. of Delaware, ("SRP") to The Stephan Co. ("Stephan"). Stephan and SRP sued the Allens for failing to accurately disclose the tax liabilities of the company. The Allens moved for a directed verdict, asserting that the economic loss rule barred the fraud claims. The trial court denied the motion for directed verdict and the jury returned a verdict in favor of Stephan and SRP. This appeal follows. We affirm for the reasons stated below.
In April 1994, the Allens sold all SRP stock to Stephan. In the contract for the sale of the company, the Allens represented that SRP had paid its taxes, filed all necessary tax returns, and that the company's financial statements accurately disclosed all of its liabilities. The contract provided that warranties and representations were to survive for six months from the closing date, and required notice of a claim of breach of warranty prior to the six month expiration. The agreement further provided that the time limitation on the warranties did not limit any claim by Stephan or SRP based on fraud. Subsequently, SRP received notification of an audit by the Florida Department of Revenue. In June, 1995, the state determined that SRP owed nearly $100,000 in unpaid sales and use tax and intangible taxes due for the five years prior to the sale. SRP negotiated a settlement and paid $96,000 to the state.
Stephan's complaint alleged that the Allens made knowing misrepresentations regarding the status of the taxes, that Stephan relied on those representations in entering into that agreement, that Stephan had suffered as a result of the misrepresentations and had relied upon them to its detriment and that had it known the true tax status it would have negotiated a different price, would have negotiated different terms, or would not have proceeded with the transaction. The Allens asserted that the tax representations were warranties, and that the contractual warranty period had expired without notice of a claim, along with other defenses. At summary judgment and in their directed verdict motion at trial, the Allens also asserted that the economic loss rule barred Stephan's fraud claim.
In reviewing the trial court's denial of a motion for directed verdict, we must view the evidence in the light most favorable to the non-moving party. See, Hunzinger Constr. Corp. v. Quarles & Brady, 735 So.2d 589, 597 (Fla. 4th DCA 1999), review denied, No. SC96236, 766 So.2d 222 (Fla. May 22, 2000). A directed verdict should be granted only where there is no evidence upon which a jury could properly rely for finding for the non-moving party. See id.
The law is well established that the economic loss rule does not bar tort actions based on fraudulent inducement and negligent misrepresentation. See Moransais v. Heathman, 744 So.2d 973 (Fla.1999); PK Ventures, Inc. v. Raymond James & Assocs., Inc., 690 So.2d 1296 (Fla.1997). If the fraud occurs in connection with misrepresentations, statements or omissions which cause the complaining party to enter into a transaction, then such fraud is fraud in the inducement and survives as an independent tort. However, where the fraud complained of relates to the performance of the contract, the economic loss doctrine will limit the parties to their contractual remedies. See Greenfield v. Manor Care, Inc., 705 So.2d 926 (Fla. 4th DCA 1997), review denied, 717 So.2d 534 (Fla.1998).
Cases in which the economic loss rule has been held to bar recovery illustrate the dichotomy. In Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74 (Fla. 3d DCA), review denied, 700 So.2d 685 (Fla. *458 1997), the local hotel's suit for fraud where the Radisson Hotel chain failed to deliver the benefits negotiated for, such as reservations systems and hotel management benefits, was barred. In Straub Capital Corp. v. L. Frank Chopin, P.A., 724 So.2d 577 (Fla. 4th DCA 1998), the dispute centered around the fraudulent failure of a landlord to timely build out and provide the contracted-for space to his tenants and tort recovery was barred by the economic loss rule. In each of those cases, the injury was one which flowed from the failure to perform the heart of the agreement. Even in the seminal case of AFM Corp. v. Southern Bell Telephone & Telegraph Co., 515 So.2d 180 (Fla.1987), the fraud alleged revolved around Southern Bell's malfeasance in performing the contracted-for listing, advertising and directory assistance services, which the supreme court held was barred by the economic loss rule.
Where, however, the action is based upon fraud independent of the contractual breach, the economic loss rule does not bar recovery. See Moransais v. Heathman, 744 So.2d 973 (Fla.1999); PK Ventures, Inc. v. Raymond James & Assocs., Inc., 690 So.2d 1296 (Fla.1997); HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996).
To determine whether the economic loss rule bars recovery under fraud, the question is simply this: is the fraud alleged in an act of performance or in a term of the bargain? Where, as here, the representation is simply made and relied upon in inducing the completion of the transaction, then clearly it is a term of the bargain. Nothing further was required of the Allens in connection with this contract term after they made the representation that all SRP's taxes had been paid. If, however, the misrepresentation had been in connection with the seller's performancesuch as the ability to provide increased reservations and better hotel management services in Hotels of Key Largo, which required continuing action on the part of the seller, then the fraud is in the performance and the economic loss rule bars recovery sounding in tort. As described in the frequently-quoted Huron Tool and Engineering Co. v. Precision Consulting Services, Inc., 209 Mich.App. 365, 532 N.W.2d 541, 545 (1995), "[f]raud in the inducement presents a special situation where parties to a contract appear to negotiate freely-which normally would constitute grounds for invoking the economic loss doctrine-but where in fact the ability of one part to negotiate fair terms and make an informed decision is undermined by the other party's fraudulent behavior." Each case must be evaluated on its facts to ascertain the independence of the fraud from the performance of the contract to determine whether the economic loss rule would bar recovery. Viewing the evidence in the light most favorable to Stephan and SRP, we find ample evidence in the record of the Allens' fraudulent misrepresentations as to SRP's tax payments and the corresponding inducement to cause Stephan to enter the contract to affirm the trial court's denial of a directed verdict based on the economic loss rule.
The Allens have also asserted that the claim is in warranty and barred by the six-month warranty limitation contained in the terms of the contract. The contract specifically stated that the purchasers did not waive fraud claims, a dispositive point on its face. More importantly, "[t]he notion that a knowing fraud perpetrated to induce someone to enter a contract can be extinguished by the simple expedience of including the fraudulent representation in the contract makes no sense." La Pesca Grande Charters, Inc. v. Moran, 704 So.2d 710 (Fla. 5th DCA 1998). The inclusion of the warranty in the contract that SRP's *459 finances were accurately represented does not eviscerate the fraud.
AFFIRMED.
STEVENSON and GROSS, JJ., concur.