HAZOURI, J.
Bankers Mutual Capital Corporation (Bankers Mutual), appellant, filed suit against various defendants, including Felix Lima, appellee. The amended complaint *487 included claims against Jessla Construction Corporation (Jessla), its surety and other subcontractors for breach of joint check agreements and accounts stated. The amended complaint also contained eleven counts of fraud in the inducement against Lima, individually. Bankers Mutual timely appeals from a partial final judgment dismissing with prejudice the claims against Lima, individually, for fraud in the inducement. There are no other pending claims against Lima in this suit. The remaining claims against the other defendants are pending before the trial court. This Court has jurisdiction over this appeal pursuant to Florida Rule of Appellate Procedure 9.110(k). See Southland Constr., Inc. v. Richeson Corp., 642 So.2d 5, 6-7 (Fla. 5th DCA 1994)(The appellate court found that it had jurisdiction to consider the propriety of the lower court’s summary judgment as to the claims against a defendant, where as a result of the summary judgment the defendant had been dropped from the lawsuit as a party.). We reverse and remand.
Jessla is a general contractor. Lima is a qualifying agent for Jessla, as well as its President and Secretary. Jessla hired Mike Lang Electrical Contractors, Inc. (MLEC), an electrical subcontractor, to work on various construction projects in Dade County.
Bankers Mutual entered into a factoring agreement with MLEC. Pursuant to the factoring agreement, Bankers Mutual purchased account receivables owned by MLEC for the work Jessla hired MLEC to perform on the various construction projects. Bankers Mutual thereby obtained assignment of the pay requisitions from Jessla to MLEC.
Bankers Mutual also entered into eleven joint check agreements with Jessla and MLEC. The eleven joint check agreements were related to eleven different pay requisitions on construction projects. According to the joint check agreements, Jessla agreed to pay Bankers Mutual the accounts receivable assigned to it by MLEC through joint checks.
On January 6, 2000, Bankers Mutual filed its initial complaint against various defendants, including Jessla and Lima. The complaint included claims against Jessla, among other defendants, for breach of the joint check agreements, accounts stated and payment bonds. The complaint also included claims against Jessla and Lima, individually, for fraud in the inducement.
On February 24, 2000, Lima and Jessla filed a motion to dismiss the complaint. The court granted the motion to dismiss, without prejudice, as to the fraud in the inducement claims against Lima, with leave to amend and allege Lima’s misrepresentations with specificity.
On June 7, 2000, Bankers Mutual filed an amended complaint. The amended complaint included claims against Jessla, its surety and other subcontractors for breach of the joint check agreements and accounts stated. Bankers Mutual alleged that MLEC failed to disclose that certain subcontractors and suppliers were due money under some of the assigned requisitions. Bankers Mutual also alleged that Jessla did not pay Bankers Mutual the receivables MLEC assigned to Bankers Mutual on various projects, but instead paid those funds to subcontractors and suppliers who were due money.
The amended complaint also included eleven counts against Jessla and Lima for fraud in the inducement. The amended complaint generally alleged that Jessla and Lima, among others, knowingly and willfully misrepresented the percentage of the work that was completed on the projects for which Bankers Mutual purchased pay *488 requisitions, thereby inducing Bankers Mutual to enter into the joint check agreements. Each of the eleven counts of fraud in the inducement against Jessla and Lima alleged:
in Paragraph 6 of the Affidavit attached to the subject Joint Check Agreement, the Defendants intentionally failed to list Simplex, Rexall, Consolidated Electric Supply and others still to be identified as creditors in Paragraph 6 and affirmatively represented that no creditors, other than those identified in Paragraph 6, existed.
Additionally, each count alleged that but for the misrepresentations, Bankers Mutual would not have entered into the joint check agreements and suffered damages as a result thereof.
On June 19, 2000, Lima and Jessla filed a motion to dismiss all counts against them in the amended complaint or alternatively to dismiss the fraud in the inducement counts. Lima and Jessla argued that the fraud in the inducement counts were barred by the economic loss rule and the amended complaint faked to allege fraud with specificity.
Following a hearing on the motion, the trial court dismissed with prejudice all claims against Lima for fraud in the inducement. The trial court did not make any findings or indicate if it was dismissing these claims because they were barred by the economic loss rule or for failure to state a claim.
Bankers Mutual argues that the economic loss rule does not bar a claim for fraud in the inducement against Lima, because the claims for fraud in the inducement are independent from the breach of contract actions. We agree.
The economic loss rule does not bar tort actions independent of the contractual breach, where there exists a breach of contract action. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla.1996). In HTP, the supreme court held:
The economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract ... Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract. It normally “occurs prior to the contract and the standard of truthful representation placed upon the defendant is not derived from the contract,” i.e., “whether the defendant was truthful during the formation of the contract is unrelated to the events giving rise to the breach of the contract.”
Id. at 1239 (citations omitted).
This Court distinguished the cases in which the economic loss rule does bar a cause of action for fraudulent inducement where there exists a cause of action for breach of contract in Allen v. Stephan Co., 784 So.2d 456 (Fla. 4th DCA 2000). In Allen, the Allens entered into a contract for the sale of a company with Stephan. The Allens represented that the company had no tax liability. Stephan filed a cause of action for fraud alleging that the Allens knowingly misrepresented the tax liability of the company and that Stephan relied on the misrepresentations in entering into the agreement. Id.
This Court held that the economic loss rule did not bar the cause of action for fraud. In doing so, this court distinguished the case of Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74 (Fla. *489 3d DCA 1997), where a local hotel brought suit for fraud after a hotel chain failed to deliver the benefits negotiated for, including reservations systems and management benefits, and Straub Capital Corp. v. L. Frank Chopin, P. A., 724 So.2d 577 (Fla. 4th DCA 1998), where a landlord fraudulently failed to timely build out and provide the contracted for space to his tenants. This Court found that “[i]n each of those cases, the injury was one which flowed from the failure to perform the heart of the agreement.” This Court explained:
To determine whether the economic loss rule bars recovery under fraud, the question is simply this: is the fraud alleged in an act of performance or in a term of the bargain? Where, as here, the representation is simply made and relied upon in inducing the completion of the transaction, then clearly it is a term of the bargain. Nothing further was required of the Allens in connection with this contract term after they made the representation that all SRP’s taxes had been paid. If, however, the misrepresentation had been in connection with the seller’s performance-such as the ability to provide increased reservations and better hotel management services in Hotels of Key Largo, which required continuing action on the part of the seller, then the fraud is in the performance and the economic loss rule bars recovery sounding in tort.
(Emphasis added.)
Therefore, the economic loss rule does not bar a cause of action for fraud in the inducement, where the fraud alleged pertains to a term of the contract and is relied upon in inducing the completion of the agreement. See HTP, Ltd., 685 So.2d at 1239; Allen, 784 So.2d 456. However, a cause of action for fraud is barred where the fraud alleged pertains to the performance of the contract. See Allen, 784 So.2d at 456; Hotels of Key Largo, Inc., 694 So.2d at 74; Straub Capital Corp., 724 So.2d at 577.
The amended complaint generally alleged that Lima knowingly and willfully misrepresented the percentage of the work that was completed on the projects for which Bankers Mutual purchased pay requisitions, thereby fraudulently inducing Bankers Mutual to enter into the joint check agreements. Additionally, each count of fraudulent inducement against Jessla and Lima alleged that the defendants failed to list Simplex, Rexall, Consolidated Electric Supply and others still to be identified as creditors in Paragraph 6 of the affidavit attached to the joint check agreement and affirmatively represented that no creditors, other than those identified in Paragraph 6, existed. Furthermore, each count alleged that but for the misrepresentations, Bankers Mutual would not have entered into the joint check agreements and suffered damages as a result thereof.
Thus, the amended complaint does allege misrepresentations that were made at the time the agreements were entered into and which induced Bankers Mutual to enter into the agreement. These allegations are not related to whether Jessla performed the terms of the contract.
In conclusion, pursuant to HTP and Allen, the claims for fraud in the inducement are independent from the breach of contract actions. Therefore, the claims for fraud in the inducement are not barred by the economic loss rule.
Bankers Mutual further argues that the amended complaint does allege a cause of action for fraud in the inducement against Lima, with sufficient specificity. We agree.
*490 In order for a claim of fraud in the inducement to withstand a motion to dismiss, it must allege fraud with the requisite particularity required by Florida Rule of Civil Procedure 1.120(b), including who made the false statement, the substance of the false statement, the time frame in which it was made and the context in which the statement was made. See Williams v. Bear Stearns & Co., 725 So.2d 397, 400-01 (Fla. 5th DCA 1998); Robertson v. PHF Life Ins. Co., 702 So.2d 555, 556 (Fla. 1st DCA 1997). Florida Rule of Civil Procedure 1.120(b), provides:
In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit. Malice, intent, knowledge, mental attitude, and other condition of mind of a person may be averred generally.
Additionally, all essential elements of fraud must be alleged, i.e., the plaintiff relied to his detriment on a false statement concerning a material fact made with knowledge of its falsity and an intent to induce reliance. See Barth v. Khubani, 705 So.2d 72, 73 (Fla. 3d DCA 1997)(citing Johnson v. Davis, 480 So.2d 625, 627 (Fla.1985)), approved, 748 So.2d 260 (Fla.1999).
The allegations in the amended complaint are clear and specific. The amended complaint clearly states that Lima is one of the speakers of the misrepresentations, the misrepresentations were made before the contract was signed and the misrepresentations were made to Bankers Mutual.
When ruling on a motion to dismiss, the trial court is required to take all well-pleaded allegations of the complaint as true. Williams, 725 So.2d at 401. Thus, the amended complaint does allege the elements of fraud in the inducement with the requisite particularity.
In conclusion, the trial court erred when it dismissed the claims of fraudulent inducement against Lima. Accordingly, the partial, final judgment dismissing the claims against Lima is reversed and the case is remanded for proceedings consistent with this opinion.
Reverse and remand.
STEVENSON and GROSS, JJ., concur.