837 So.2d 434 (2002)
AMERICAN EXPRESS TRAVEL RELATED SERVICES, CO., INC., Appellant,
v.
SYMBIONT SOFTWARE GROUP, INC., et al., Appellees.
No. 3D01-2953.
District Court of Appeal of Florida, Third District.
October 9, 2002.
Rehearing and Rehearing Denied February 5, 2003.
Heimberg & Lumer and Joel V. Lumer, Miami, for appellant.
Elvira Gonzalez (Miramar); Ferencik Libanoff Brandt & Bustamante and Sandra Kennedy (Plantation), for appellees.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied February 5, 2003.
PER CURIAM.
American Express Travel Related Services Company, Inc. [American Express] appeals the dismissal, based on the economic loss rule, of its complaint against Symbiont Software Group, Inc. [Symbiont] and David Schilling. For the reasons which follow, we reverse.
American Express sued Symbiont for negligent hiring and retention, and sued its president Schilling for negligent security in connection with the theft of the financial information of American Express members by Symbiont's former employee, David Prouty. Symbiont sold to retail and service establishments point-of-sale systems (used for payment by charge cards such as American Express). In its complaint, American Express alleges that *435 Symbiont gave Prouty access to confidential financial information stored on its systems, notwithstanding actual or constructive notice of Prouty's lack of fitness for employment. According to American Express, Symbiont's failure to properly secure its system resulted in financial losses to American Express when Prouty stole and misused the financial information of its members. Symbiont and Schilling successfully moved to dismiss American Express' complaint based on the economic loss rule.
The economic loss rule bars claims in tort where there is no personal injury or damage to other property. Casa Clara Condominium Ass'n v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla. 1993); Clayton v. State Farm Mut. Auto. Ins. Co., 729 So.2d 1012 (Fla. 3d DCA 1999). The rule is premised on "the basic difference between contract law, which protects expectations, and tort law, which is determined by the duty owed to an injured party." Casa Clara, 620 So.2d at 1246. For this reason, an exception has been carved out for tort actions which are independent of any contractual breach. PK Ventures, Inc. v. Raymond James & Assocs., 690 So.2d 1296 (Fla.1997); HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996); Clayton v. State Farm. In this case the claims pled were totally independent of any contracts which may have existed between Symbiont and any of the buyers or users of their point-of-sale systems.
Accordingly, we reverse the dismissal of appellant's complaint and remand the cause for further proceedings.
Reversed and remanded.