842 So.2d 204 (2003)
SUSAN FIXEL, INC., Appellant,
v.
ROSENTHAL & ROSENTHAL, INC., Appellee.
No. 3D02-1139.
District Court of Appeal of Florida, Third District.
April 2, 2003.
*205 Adorno & Yoss and Samantha N. Tesser, Fort Lauderdale, for appellant.
Ferrell, Schultz, Carter, Zumpano & Fertel and Alan Fertel, Miami, and H. Eugene Lindsey, for appellee.
Before COPE and WELLS, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Appellant Susan Fixel, Inc. ("Fixel"), a Florida corporation engaged in the business of wholesaling clothes, filed a Third Amended Complaint which included, in Counts II-V, claims against its factor[1] Appellee Rosenthal & Rosenthal, Inc. ("Rosenthal"), for breach of fiduciary duty, fraud in the inducement, fraudulent misrepresentation and negligent misrepresentation. *206 Upon Rosenthal's motion to dismiss, the trial court dismissed all of the claims for failure to state a cause of action, found that there was no fiduciary duty between Rosenthal and Fixel, and, noting it was the Third Amended Complaint, ruled the dismissals were with prejudice. The trial court gave Fixel leave "to attempt to state a cause of action sounding in contract" against Rosenthal. We reverse.
A motion to dismiss tests whether the plaintiff has stated a cause of action. Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review. When determining the merits of a motion to dismiss, the trial court's consideration is limited to the four corners of the complaint, the allegations of which must be accepted as true and considered in the light most favorable to the nonmoving party.
Bell v. Indian River Mem. Hosp., 778 So.2d 1030, 1032 (citations omitted). See also Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla.2002); Ralph v. City of Daytona Beach, 471 So.2d 1, 2 (Fla.1985); Orlando Sports Stadium, Inc. v. State, 262 So.2d 881, 883 (Fla.1972); Alvarez v. E & A Produce, 708 So.2d 997, 999 (Fla. 3d DCA 1998). Consideration of potential affirmative defenses or speculation about the sufficiency of evidence which plaintiff will likely produce on the merits is wholly irrelevant and immaterial to deciding such a motion. Barbado v. Green & Murphy, P.A., 758 So.2d 1173 (Fla. 4th DCA 2000); Abrams v. General Ins. Co., 460 So.2d 572 (Fla. 3d DCA 1984); Parkway Gen. Hosp., Inc. v. Allstate, Ins. Co., 393 So.2d 1171 (Fla. 3d DCA 1981).
Casting the allegations of the Third Amended Complaint in a light most favorable to Fixel, and accepting them as true, the claims against Rosenthal are based upon the following facts:
In 1997, Fixel and Rosenthal entered into a Factoring Agreement, under which Rosenthal purchased Fixel's receivables based upon a credit-risk evaluation and Fixel drew funds according to an agreed advance rate. Fixel and Rosenthal also entered into a letter agreement, pursuant to which Rosenthal agreed to make inventory advances to Fixel up to $150,000.00, secured by a security interest in Fixel's inventory. The parties established an ongoing relationship in which Rosenthal knew that Fixel placed trust and confidence in Rosenthal, and that, separate from the relationship established by the terms of the parties' contracts, Rosenthal assumed a role of superiority and exerted influence over Fixel, which relied upon Rosenthal for its counsel and guidance with regard to its business dealings.
During this time period, Rosenthal also was the factor of C & L Textile Corporation ("C & L"), a clothing manufacturer. By virtue of its relationship with C & L, Rosenthal knew that C & L was experiencing deep financial difficulties, rendering it difficult for C & L to support and maintain its existing business. Nevertheless, Rosenthal, for its own financial benefit, wanted to create a relationship between Fixel and C & L, even though Rosenthal knew that such an agreement was not in Fixel's best interest. Rosenthal, exerting extensive control, pressured Fixel to enter into a contract with C & L by threatening to call in Fixel's inventory loan and terminate its factoring relationship with Fixel, which on short notice would have immediately put Fixel out of business. This pressure was combined with repeated false representations from certain of Rosenthal's employees and representatives throughout September and October, 1998 concerning C & L's financial status and ability to *207 handle Fixel's business, including representations that:
a. "They [C & L] have an open checkbook with us [Rosenthal];"
b. Fixel would be getting a financially secure partner with C & L;
c. "C & L had the financial wherewithal" to produce and ship Fixel's inventory; and
d. "C & L could do whatever Fixel needed them to do financially."
Rosenthal undertook activities beyond the performance of its contractual duties in advising and guiding Fixel. In October of 1998, relying upon Rosenthal's false representations (which Fixel alleges was reasonable in light of its relationship of trust and confidence with Rosenthal), and in response to the pressure Rosenthal exerted, Fixel entered into a written agreement with C & L (the "C & L Agreement"), pursuant to which C & L was to be responsible for Fixel's production and shipping. Meanwhile, Rosenthal and C & L structured a financial arrangement between themselves, without the prior knowledge or consent of Fixel, pursuant to which Rosenthal and C & L would benefit economically from C & L's new business relationship with Fixel. Without Fixel's consent, Rosenthal deducted 15% of the money it was advancing to C & L for shipments and applied this against money allegedly owed by Fixel to Rosenthal. Again, without Fixel's consent, C & L would then deduct the 15% from the money owed to Fixel from the shipped orders.
C & L did not, in fact, have the credit worthiness or cash resources, or the "open checkbook" with Rosenthal, needed to provide the goods and services which it agreed to provide for Fixel, which caused damages to Fixel.[2] Rosenthal induced and coerced Fixel to enter into the C & L Agreement for Rosenthal's own economic benefit to the detriment of Fixel. Rosenthal used its inside superior knowledge as C & L's factor, its relationship of trust, influence and superiority over Fixel, and Fixel's reliance upon Rosenthal's counsel and guidance, to orchestrate the C & L Agreement.
Rosenthal argues that Fixel's claims for breach of fiduciary duty, fraud in the inducement, fraudulent misrepresentation and negligent misrepresentation are insufficient as a matter of law because its relationship with Fixel is governed by the parties' contracts. Rosenthal further asserts Fixel's claims can only be asserted as breach of contract claims, that the economic loss rule precludes the various tort claims, and that there is, as a matter of law, no fiduciary duty between Rosenthal and Fixel.
In Doe v. Evans, 814 So.2d 370 (Fla.2002), a fiduciary relationship was characterized as follows:
If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief.
814 So.2d at 374, quoting Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 421 (Fla.1927). See also Dale v. Jennings, 90 Fla. 234, 107 So. 175 (1925); First Nat. Bank and Trust Co. v. Pack, 789 So.2d 411 (Fla. 4th DCA 2001); Capital Bank v. MVB, Inc., 644 So.2d 515, 518 (Fla. 3d DCA 1994), rev. denied 654 So.2d 918 (Fla.1995). Fiduciary relationships may be implied in law and such relationships are "premised upon the specific factual situation surrounding the transaction and the relationship of the parties." Id. at 518; Doe v. Evans, supra, at *208 374. See also Hooper v. Barnett Bank of West Florida, 474 So.2d 1253 (Fla. 1st DCA 1985), decision approved, 498 So.2d 923 (Fla.1986).
Depending upon the specific factual circumstances, courts have found the existence of fiduciary relationships between borrowers and lenders. Barnett Bank v. Hooper, 498 So.2d 923 (Fla.1986); First Nat. Bank and Trust Co. v. Pack, supra; Capital Bank v. MVB, Inc., supra at 519 (and numerous authorities cited therein). Such relationships have been found "where the bank knows or has reason to know that the customer is placing trust and confidence in the bank and is relying on the bank so to counsel and inform him." Capital Bank v. MVB, Inc., supra at 519, quoting Klein v. First Edina Nat'l Bank, 293 Minn. 418, 196 N.W.2d 619 (1972) Additionally, "special circumstances" may impose a fiduciary duty where the lender takes on extra services for a customer, receives any greater economic benefit than from a typical transaction, or exercises extensive control. Capital Bank v. MVB, Inc., supra at 519, citing Tokarz v. Frontier Fed. Sav. & Loan Ass'n, 33 Wash.App. 456, 656 P.2d 1089 (1982).
Fixel asserts a similar claim for breach of fiduciary duty against Rosenthal, its factor, claiming Rosenthal knew Fixel placed trust and confidence in Rosenthal and relied upon Rosenthal for its advice and counsel, and that Rosenthal took on "extra services" in its orchestration of the C & L Agreement and exercising extensive control over Fixel. Fixel alleges Rosenthal breached the fiduciary duty which arose between them by: (a) coercing Fixel into entering a business relationship with C & L to benefit Rosenthal's own financial interests to the detriment of Fixel; (b) repeatedly misrepresenting C & L's financial ability to produce and ship Fixel's inventory; (c) not acting in Fixel's best interest and not disclosing accurate financial information regarding C & L; (d) benefitting from the C & L Agreement; and (e) taking unfair advantage of Fixel. Such a claim is not precluded as a matter of law. See, e.g., Dresses for Less, Inc. v. CIT Group/Commercial Serv., Inc., 2002 WL 31164482 (S.D.N.Y.)(fiduciary duty claim against factor stated a cause of action); Resnick v. Resnick, 722 F.Supp. 27 (S.D.N.Y.1989)(same). See also Restatement (Second) of Agency § 14N, cmt. a (1958) (listing "factors" as among those independent contractors who are "fiduciaries"). Because of the factually intensive nature of an implied fiduciary duty inquiry, such claims are better addressed by a summary judgment motion, or at trial, than on a motion to dismiss. Dresses for Less, Inc. v. CIT Group/Commercial Serv., Inc., supra, *16-17. See, e.g., Bonnie & Company Fashions, Inc. v. Bankers Trust Co., 945 F.Supp. 693, 712 (S.D.N.Y. 1996)(on summary judgment motion, evidence submitted was insufficient to establish extra-contractual fiduciary duty between borrower and bank/factor).[3]
Fixel alleges that Rosenthal's false material representations were made to induce Fixel to enter into the C & L Agreement, that Fixel reasonably relied *209 upon the representations in entering into the C & L Agreement, and, as a result, was damaged. To state a claim for fraud in the inducement, a plaintiff must allege (1) a misrepresentation of a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation would induce another to rely and act on it; and (4) that the plaintiff suffered injury in justifiable reliance on the representation. Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 497 (Fla. 4th DCA 2001); Palumbo v. Moore, 777 So.2d 1177, 1179 (Fla. 5th DCA 2001); W.R. Townsend Contracting, Inc. v. Jensen Civil Const., Inc., 728 So.2d 297, 304 (Fla. 1st DCA 1999); Hillcrest Pacific Corp. v. Yamamura, 727 So.2d 1053, 1055 (Fla. 4th DCA 1999); Kutner v. Kalish, 173 So.2d 763 (Fla. 3d DCA 1965).
If the fraud occurs in connection with misrepresentations, statements or omissions which cause a party to enter into a transaction, then such fraud is fraud in the inducement and survives as an independent tort.
Allen v. Stephan Co., 784 So.2d 456, 457 (Fla. 4th DCA 2000). We conclude that Fixel adequately alleged a cause of action for fraud in the inducement.
Similarly, the elements of a fraud claim are (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induce another's reliance; and (4) consequent injury by the other party acting in reliance upon the representation. Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002); Ward v. Atlantic Sec. Bank, 777 So.2d 1144, 1146 (Fla. 3d DCA 2001). We conclude that Fixel adequately alleged a cause of action for fraudulent misrepresentation.
Alternatively, based on the alleged fiduciary relationship, Fixel alleges that Rosenthal had a duty to Fixel to use due care in disclosing financial information about C & L, that it failed to do so, and that Fixel justifiably and detrimentally relied upon the false information negligently supplied by Rosenthal. Fixel's allegations adequately state a cause of action for negligent misrepresentation. Gilchrist Timber Co. v. ITT Rayonier, 696 So.2d 334 (Fla.1997)
The various tort claims as alleged by Fixel are distinct and independent from the contractual relationships between the parties, and, as such, are not barred by the economic loss rule. HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996)(fraudulent inducement is not barred by economic loss rule); Allen v. Stephan Co., 784 So.2d 456 (Fla. 4th DCA 2000)(economic loss rule does not bar tort actions for negligent misrepresentation and fraudulent inducement); Invo Florida, Inc. v. Somerset Venturer, Inc., 751 So.2d 1263 (Fla. 3d DCA 2000)(economic loss rule does not abolish cause of action for breach of fiduciary duty, even if there is an underlying contract); Clayton v. State Farm Mut. Auto. Ins. Co., 729 So.2d 1012 (Fla. 3d DCA 1999)(torts independent of contractual breach, such as fraudulent inducement, not barred by economic loss rule). See also Moransais v. Heathman, 744 So.2d 973 (Fla.1999); PK Ventures, Inc. v. Raymond James & Assocs., Inc., 690 So.2d 1296 (Fla.1997).
The matters raised by Rosenthal in opposition to Fixel's claims, including that it was contractually permitted to deduct certain monies flowing between Fixel and C & L, are in the nature of defenses or issues which may be addressed by way of summary judgment, depending on the development of the factual record. We do not *210 opine about whether Fixel will be able to present evidence to support its allegations, or whether the relationship and dealings between Fixel and Rosenthal gave rise to a fiduciary duty. We simply hold that the dismissal of these claims for failure to state causes of action was erroneous.
We reverse the order of dismissal, and remand this matter to the trial court for further proceedings consistent with this opinion.
NOTES
[1] Black's Law Dictionary (7th ed.1999), defines a factor, in part, as one who buys accounts receivable at a discount.
[2] Fixel has also sued C & L for breach of contract.
[3] We reject Rosenthal's contention that Fixel was precluded from asserting a claim for breach of fiduciary duty in the Third Amended Complaint because it failed to do so in the Second Amended Complaint. Given the liberal amendment policy embodied by Rule 1.190 Fla. R. Civ. P., and the absence of any prejudice to Rosenthal or abuse of the amendment privilege by Fixel, allowing the claim to be asserted in the Third Amended Complaint was appropriate. Hall v. Wojechowski, 312 So.2d 204 (Fla. 4th DCA 1975); Penn Cork and Closures, Inc. v. Piggyback Shippers Ass'n of Florida, Inc., 281 So.2d 46 (Fla. 3d DCA 1973).