853 So.2d 485 (2003)
D & M JUPITER, INC., Appellant,
v.
William FRIEDOPFER and Jupiter West, Inc., d/b/a Jupiter Industrial Associates, and William Collins, Appellees.
No. 4D02-3506.
District Court of Appeal of Florida, Fourth District.
July 23, 2003.
Rehearing Denied September 18, 2003.
*486 John J. Shahady and Thomas R. Shahady of Adorno & Yoss, P.A., Fort Lauderdale, for appellant.
Jeremy E. Slusher of Broad and Cassel, West Palm Beach, for appellees.
POLEN, J.
This action arises out of the purchase of commercial property from William Friedopfer and Jupiter West, collectively doing business as Jupiter Industrial Associates (J.I.A.), for $1,850,000. On April 29, 1999, Michael Flora as a principal of D & M Jupiter (D & M) and his wife, as the buyers, and J.I.A., as the seller, entered into a commercial contract for the purchase of the property. Subsequent to their execution of the contract, the Floras assigned their interest therein to D & M. The dispute concerns the propensity of the *487 property to flood. Prior to entering into the contract, J.I.A. provided the Floras a twenty-page Confidential Offering Memorandum, stating in part that "[s]ite drain requirements are met through a French drain retention storm sewer system which collects into the master drainage system of the Jupiter Commerce Park." The bottom of each page in the relevant section of the memorandum contained the language "[t]his confidential information is deemed correct but not guaranteed." Despite such language, the Floras claim to have relied upon the representation that the property has proper drainage. On March 12, 2001, D & M filed a two-count complaint against J.I.A. alleging a cause of action for fraud in the inducement and negligent misrepresentation. J.I.A. filed a motion for summary judgment on June 6, 2002, alleging: (1) no record evidence to support D & M's allegations, (2) D & M's claims are barred by the economic loss rule, and (3) D & M waived its right to bring any claims. The trial court entered final summary judgment in favor of the J.I.A., and we hereby reverse.
In determining the propriety of summary judgment, we must resolve whether there is any genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c) (2003). Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (citing Menendez v. Palms West Condo. Ass'n, 736 So.2d 58 (Fla. 1st DCA 1999)). The record is examined to consider the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any. Fla. R. Civ. P. 1.510(c). All inferences must be drawn in favor of the opposing party, Holl v. Talcott, 191 So.2d 40, 47-8 (Fla.1966), and if the evidence raises any issues of material fact, is conflicting, or permits different reasonable inferences, then summary judgment is improper. Albelo v. So. Bell, 682 So.2d 1126 (Fla. 4th DCA 1996).
As a general rule, it is a matter for the jury to determine if an intentional misrepresentation has been made by a seller to a buyer. See Walsh v. Alfidi, 448 So.2d 1084, 1086 (Fla. 1st DCA 1984). The misrepresentation which was alleged by D & M was the statement in the memorandum which read "[s]ite drain requirements are met through a French drain retention storm sewer system which collects into the master drainage system of the Jupiter Commerce Park." Whether this is a misrepresentation or a true statement is open to interpretation and as such it is surely a material issue of fact, which should be determined by the finder of facts. Here, their representation that the "system drain requirements were met" raises a material issue sufficient to survive a motion for summary judgment. Since there are multiple issues of fact yet to be resolved, final summary judgment was unwarranted.
Furthermore, the economic loss rule does not bar recovery in this case. The Supreme Court has announced "that by recognizing that the economic loss rule may have some genuine, but limited, value in our damages law, we never intended to bar well-established common law causes of action." Moransais v. Heathman, 744 So.2d 973 (Fla.1999). As such, the economic loss rule does not bar tort actions based on fraudulent inducement and negligent misrepresentation. The test to determine if the economic loss rule applies is to ask if the fraud alleged is in an act of performance or in a term of the bargain. Allen v. Stephan Co., 784 So.2d 456, 457 (Fla. 4th DCA 2000). When the fraud "relates to the performance of the contract the economic loss doctrine will limit the parties to their contractual remedies." Id. However, when the "fraud occurs in the connection with misrepresentations, statements *488 or omissions which cause the complaining party to enter into a transaction, then such fraud is fraud in the inducement and survives as an independent tort." Id.
The economic loss rule was held not to bar a fraud claim in Allen, where the buyers of a company brought a fraud action against the sellers for failing to accurately disclose the company's tax liability. The company rather than having no tax liabilities which it claimed, in fact owed $100,000 in unpaid taxes. The sellers moved for a directed verdict based on the theory that the economic loss rule barred the fraud claims, but the trial court denied the motion. In affirming the trial court's ruling, this Court said that the misrepresentation was "simply made and relied upon" in inducing the transaction, and also pointed out that the sellers were not required to take any further action based on this contract term and therefore the fraud must be in a term of the bargain and not in an act of performance. Id.
By contrast, the economic loss rule was held to bar recovery in Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74 (Fla. 3d DCA 1997) and Straub Capital Corp. v. L. Frank Chopin, P.A., 724 So.2d 577 (Fla. 4th DCA 1998). In Hotels of Key Largo, the parties negotiated for continuing action on the part of the seller to provide increased reservation systems and better hotel management services. When the seller failed to deliver the benefits negotiated for, the buyer brought suit. The economic loss rule applied in Hotels of Key Largo and barred any tort recovery because the fraud was clearly in the performance of the bargain since the injury was one which flowed from the failure to perform the heart of the agreement. In Straub Capital Corp., the dispute was centered around the fraudulent failure of a landlord to timely build out and provide the contracted-for space to his tenants. Again, there was a failure to perform the heart of the agreement. We therefore find that the economic loss rule does not bar recovery in this case and the trial court erred to the extent it relied upon the economic loss rule in awarding summary judgment.
J.I.A.'s final ground for summary judgment is that D & M waived its right to bring a tort claim due to "as is" language in the contract. Though a party may waive any right to which he is legally entitled, whether secured by contract, conferred by statute, or guaranteed by Constitution, Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263, 265 (1945), such a proposition does not apply where there is an allegation of fraud.
In Oceanic Villas Inc. v. Godson, 148 Fla. 454, 4 So.2d 689 (1941), a lessee who sought to rescind a 99-year lease, alleged that the lessor procured the execution of the lease by false and fraudulent representations of fact. The lessor, on the other hand, claimed that the lessee was estopped to allege fraud because of an "as is" clause of the lease, which specifically stated that "[l]essee is guided in making this lease by its own judgment and without any influence, representation, fraud or duress of any nature on the part of the Lessors." Id. at 690. The supreme court held that
[i]f the lease was procured by fraud and misrepresentation as to a material fact, the truth or falsity of which was known only to the lessor (and it is so alleged in the bill of complaint), and which misrepresentations, if proved, would be sufficient basis for a decree of rescission, then such fraudulent misrepresentation vitiated every part of the lease contract and the Lessee was not bound by the above quoted clause ... To hold that by the terms of the contract which is alleged to have been procured by fraud, the lessor could bind the lessee in such manner that lessee would be bound by the fraud of the lessor would be against *489 the fundamental principles of law, equity, good morals, public policy and fair dealing. Id.

We take from that holding that where there is fraudulent inducement of a contract, the fraudulent misrepresentation vitiates every part of the contract, including any "as is" clause. However, since the initial determination of whether there was a fraudulent misrepresentation has yet to be resolved, this issue is not ripe for review.
REVERSED and REMANDED for further proceedings consistent with this opinion.
FARMER, C.J., and ANDREWS, ROBERT LANCE, Associate Judge, concur.