KELLY, Judge.
 

 J. Robert Brown, as Trustee under the Buckeye Road Trust Agreement, appeals a final judgment entered in favor of appel-lees Tom Chapman, Mark Schreiber, and Larry Maxwell after the trial court dismissed the Trust’s fraud claims against them. We find merit in the Trust’s argument that the trial court should have permitted it to amend its claims for fraudulent inducement and in its argument that the trial court erroneously concluded that its other fraud claims were barred by the economic loss rule.
 

 In early 2005, Lerian Investment Corporation entered into an agreement with Chamax, LLC, for the purchase of undeveloped land in Manatee County. The parties contemplated that Lerian or its successors or assigns would subdivide the property after obtaining the proper zoning for development of a residential community. During negotiations, Tom Chapman, a manager of Chamax, and Mark Schreiber, a vice-president of Chamax, told Lerian’s owner and president, Richard Neff, that the purchase agreement provided Lerian parity of terms with the purchase agreement entered into by Ryland Homes, the purchaser of an adjacent parcel.
 

 After Lerian and Chamax entered into the purchase agreement, Neff created the Buckeye Road Trust to purchase and develop the property. Lerian then assigned the purchase agreement to the Trust. Neff was the Trustee when the Trust accepted the assignment. After failing to obtain the necessary zoning, the Trust terminated the purchase agreement. Cha-max sued the Trust alleging that it had breached the purchase agreement, and the Trust filed a counterclaim.
 

 During discovery, the Trust obtained information that caused it to amend its counterclaim to add several fraud counts. Some of the counts alleged that the Trust had reimbursed Chamax for costs that Chapman, Schreiber, and Larry Maxwell, an owner and officer of Chamax, had represented were actual costs Chamax had incurred when in fact they were not. The other counts asserted claims that the Trust was fraudulently induced into accepting the assignment of the purchase agreement. Those counts allege that Chapman and Schreiber’s representations regarding parity with Ryland were false, that they knew they were false, and that Neff relied on those representations not only in having Lerian enter into the purchase agreement, but also in having the Trust take the assignment of the agreement. The Trust alleges it would not have accepted the assignment had it known about the lack of parity.
 

 Chapman, Schreiber, and Maxwell moved to dismiss the fraud claims for failure to state a cause of action. Pertinent to this appeal, Chapman and Schreiber argued that the Trust’s fraudulent inducement claims failed because the Trust did not allege and could never allege that Chapman and Schreiber intended to induce the Trust to rely on the representations regarding parity with Ryland. Chapman, Schreiber, and Maxwell argued the other fraud claims were barred by the economic loss rule. The trial court dismissed all the claims with prejudice concluding that the allegations in the fraud counts “do not show that the counter-plaintiff was assigned such claims or was the intended victim of the alleged fraud or had
 
 *555
 
 any personal dealings with the counter-defendants.” The trial court noted that in making its decision it was “aware of the allegation that Richard Neff was the President of Lerian Investment Corporation at the time it entered into the real estate contract with Chamax, and at the time the contract was assigned to Buckeye Road Trust he was a trustee.”
 

 On appeal, the Trust argues that although Chapman and Schreiber made the alleged misrepresentation regarding parity to Lerian, it has nevertheless stated a cause of action for fraudulent inducement as to the Trust because Neff relied on the misrepresentation, not only in having Lerian enter into the purchase agreement, but also in having the Trust accept an assignment of the purchase agreement. To state a cause of action for fraudulent inducement, however, it is not enough to merely allege reliance. The complaint must allege that the representor
 
 intended
 
 that the misrepresentation would induce another to rely on it.
 
 Hillcrest Pac. Corp. v. Yamamura,
 
 727 So.2d 1053 (Fla. 4th DCA 1999). The Trust has not alleged, nor has it claimed it could allege, that at the time they made the representation, Chapman and Schreiber intended to induce the Trust, which did not exist at the time, to rely on it. Although Neff eventually represented both Lerian and the Trust, the Trust has never alleged that at the time Chapman and Schreiber made the representations to Neff as president of Lerian, they knew he would later create the Trust and become its Trustee. Accordingly, we agree with the trial court that the Trust failed to state a cause of action for fraudulent inducement.
 

 Having concluded that the trial court properly dismissed those claims, we turn to the Trust’s argument that the trial court should have given it another opportunity to amend those claims. At the hearing on the motion to dismiss, the Trust argued that if the court concluded that it had failed to state a cause of action, it should be allowed to amend the counterclaim to allege that Lerian had assigned its fraudulent inducement claim to the Trust. The Trust stated that Lerian could still assign its claim to the Trust, and thus, it could amend the counterclaim to reflect that assignment. The trial court’s order dismissing the counterclaim with prejudice does not set forth the basis for the trial court’s refusal to permit the amendment.
 

 This court’s standard for reviewing a lower court’s ruling on a motion to amend a complaint is an abuse of discretion.
 
 See Video Indep. Med. Examination, Inc. v. City of Weston,
 
 792 So.2d 680, 681 (Fla. 4th DCA 2001). The “refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.”
 
 Spradley v. Stick,
 
 622 So.2d 610, 613 (Fla. 1st DCA 1993). Typically, leave to amend is freely granted.
 
 See, e.g., Highlands Cnty. Sch. Bd. v. K.D. Hedin Constr., Inc.,
 
 382 So.2d 90 (Fla. 2d DCA 1980);
 
 see also
 
 Fla. R. Civ. P. 1.190(a) (“Leave of court shall be given freely when justice so requires.”).
 

 The appellees do not contest the Trust’s claim that Lerian can still assign its fraudulent inducement claim to the Trust, and they have not asserted any other viable reason why an amendment alleging the assignment would be futile. Nor have they argued that the Trust has abused the privilege to amend or that they would be prejudiced by the amendment. Instead, they contend that the Trust should have obtained the assignment sooner. We disagree.
 

 
 *556
 
 When the Trust filed its third amended counterclaim it alleged that Lerian
 
 had
 
 assigned its fraud claim when it assigned the purchase agreement to the Trust. Chapman and Schreiber countered that the language in the purchase agreement assignment, a copy of which was attached to the counterclaim, negated that allegation. Accordingly, at the hearing on the motion to dismiss, the Trust asked for an opportunity to accomplish the assignment and amend its counterclaim in the event the trial court agreed that the claim had not already been assigned. It was not until the trial court rejected this contention in the order dismissing the third amended counterclaim that the Trust knew that it needed to obtain an assignment to proceed with its claim. Accordingly, we conclude that the trial court abused its discretion when it refused to allow the Trust an opportunity to amend its counterclaim.
 

 The Trust also challenges the dismissal of its claims alleging that Chapman, Schreiber, and Maxwell misrepresented the amount of actual costs Chamax had incurred; costs which the Trust was contractually obligated to reimburse Chamax. The costs at issue were detailed in an amendment to the purchase agreement. The third amended counterclaim alleges that Chapman, Schreiber, and Maxwell knew that the costs specified in the amendment were not the actual costs Cha-max had incurred and that the Trust would not have paid those amounts had it known they did not represent the actual costs incurred.
 

 On appeal, the appellees argue that dismissal of these fraud claims was proper because they are barred by the economic loss rule. We find no merit in this contention. Where a contract exists, a tort action will lie only for intentional or negligent acts that are independent from acts that breach the contract.
 
 HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,
 
 685 So.2d 1238 (Fla.1996) (holding that where the fraud complained of relates to the performance of the contract the economic loss doctrine will limit the parties to their contractual remedies). The economic loss rule does not bar tort actions based on fraud if the fraud alleged does not relate to an act of performance under the contract but instead relates to a term in the agreement.
 
 Allen v. Stephan Co.,
 
 784 So.2d 456, 457 (Fla. 4th DCA 2000). Here, the alleged misrepresentations related to a term of the contract with Chamax, not to any performance Chamax owed under the contract.
 
 See, e.g., id.
 
 at 457-58. In addition, no contract with Schreiber, Maxwell, and Chapman exists; therefore, no breach of contract action could lie against them; rather, the action against them is for intentional or negligent acts independent of any contract.
 
 See HTP,
 
 685 So.2d at 1239. Accordingly, we reverse the dismissal of the Trust’s fraud claims against Schreiber, Maxwell, and Chapman.
 

 Reversed in part, affirmed in part, and remanded for further proceedings.
 

 VILLANTI and LaROSE, JJ., Concur.