# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2138
Lower Tribunal No. 16-24253
_____

**SDSol Technologies, LLC,**
Appellant,

vs.

**Stardam, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Florida Appeals, and Erin Pogue Newell (Orlando), for appellant.

Leto Law Firm, and Matthew P. Leto and Charles P. Gourlis, for appellee.

Before SCALES, HENDON and BOKOR, JJ.

SCALES, J.

In this breach of contract action between two corporate entities, Stardam, LLC ("Stardam") and SDSol Technologies, LLC ("SDSol"),[1] appellant SDSol is the third-party plaintiff suing the third-party defendant, appellee Mario Knapp. SDSol is seeking to hold Knapp – one of two individuals who own Stardam, a Florida limited liability company – individually liable for Stardam's alleged breach of an express contract. SDSol appeals a February 28, 2023 final judgment dismissing, with prejudice, its third-party claims against Knapp (i) to pierce Stardam's corporate veil (alleged in SDSol's third amended third-party complaint) and (ii) for fraudulent inducement and negligent misrepresentation (alleged in SDSol's fourth amended third-party complaint).[2]

We affirm because SDSol's third amended third-party complaint does not contain allegations sufficient to state a cause of action to pierce Stardam's corporate veil so as to hold Knapp individually liable for Stardam's alleged breach of contract. See Parisi v. Kingston, 314 So. 3d 656, 664 (Fla. 3d DCA 2021) (recognizing that a claim to pierce the corporate veil must contain allegations demonstrating both how the corporation is the mere

---

[1] In the lower court proceedings, Stardam is the plaintiff/counter-defendant and SDSol is the defendant/counter-plaintiff.

[2] SDSol does not appeal the dismissal of its claims against Knapp alleging tortious interference and civil conspiracy.

instrumentality of the corporation's primary owner and how the primary owner engaged in improper conduct in the use of the corporation); Abdo v. Abdo, 263 So. 3d 141, 150 (Fla. 2d DCA 2018) (same). Similarly, SDSol's claims for fraudulent inducement and negligent misrepresentation that are alleged in SDSol's fourth amended third-party complaint are merely restatements of its piercing the corporate veil claim, and allege no actionable, specific, false statements by Knapp upon which SDSol detrimentally relied. See Eagletech Commc'ns, Inc. v. Bryn Mawr Inv. Grp., 79 So. 3d 855, 862 (Fla. 4th DCA 2012) (recognizing that a claim for fraudulent inducement "must allege fraud with the requisite particularity required by Florida Rule of Civil Procedure 1.120(b), including who made the false statement, the substance of the false statement, the time frame in which it was made and the context in which the statement was made" (quoting Bankers Mut. Cap. Corp. v. U.S. Fid. & Guar. Co., 784 So. 2d 485, 490 (Fla. 4th DCA 2001))); Morgan v. W.R. Grace & Co.—Conn., 779 So. 2d 503, 506 (Fla. 2d DCA 2000) (acknowledging that "the requirement that fraud be pleaded with specificity also applies to claims for negligent misrepresentation").

Finally, as to SDSol's argument that the trial court abused its discretion by dismissing its fourth amended third-party complaint with prejudice,

3

without further leave to amend, we note that, "as an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his discretion in dismissing with prejudice." Kohn v. City of Miami Beach, 611 So. 2d 538, 539 (Fla. 3d DCA 1992). We find no abuse of discretion in this instance, where, after more than six years of protracted litigation in this ordinary breach of contract case, SDSol was unable to adequately plead a cause of action seeking to hold individually liable an owner of the corporate entity with which it entered an express contract.

     Affirmed.

4